

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Hon. Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:　　　　　　　Attention:　Mr. W. Luther Oates

　　　　　　　　　　　Opinion No. O-5982
　　　　　　　　　　　Re: Does the Secretary of State have the
　　　　　　　　　　　authority to now voluntarily refund
　　　　　　　　　　　to the corporation involved the
　　　　　　　　　　　amounts paid under protest, suit for
　　　　　　　　　　　recovery of which was improperly filed,
　　　　　　　　　　　and subsequently dismissed on motion
　　　　　　　　　　　of the plaintiff?

　　　　Your request for opinion, dated April 24, 1944, has
been considered by this department. We quote from your letter
of request as follows:

　　　　"A domestic corporation paid under protest additional
franchise taxes of $74.40 in 1938 and $78.60 in 1939, con-
tending the additional assessments were computed on inter-
state business.

　　　　"The corporation filed suit for recovery within the
time prescribed in Article 7057b, V. A. C. S., but in the
126th District Court instead of the Justice Court. On
motion of the plaintiff, however, the case was dismissed
October 23, 1942.

　　　　"In 1941 agreed judgments were entered in a certain
class action for the benefit of several manufacturing com-
panies who had paid franchise taxes under protest on the
same grounds. These judgments were agreed upon because
of the decision in Flowers v. Pan American Refining Company,
Civ. App. 154 S. W. 2d 982, error refused. The class action
suit, of course, was properly filed in a court of competent
jurisdiction, whereas, the individual action mentioned in
the second paragraph above, was improperly filed.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Sidney Latham, page 2

"Bearing in mind the foregoing facts, please advise on the following question:

"Does this department have the authority to now voluntarily refund to the corporation involved the amounts paid under protest, suit for recovery of which was filed but improperly, and subsequently dismissed on motion of the plaintiff?"

Section 1 of Article 7057b, V. A. C. S., allows any person, firm or corporation, that is required to pay to the head of any State department any occupation, gross receipts, franchise, license or other privilege tax or fee, which he does not believe he is lawfully required to pay, to accompany such payment with a written protest, setting out fully and in detail the grounds for which it is contended that such demand is unlawful.

Section 2 of this Article provides in part as follows:

"Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other . . . Provided, however, where a class action is brought by any taxpayer all other taxpayers belonging to the class and represented in such class action who have properly protested as herein provided shall not be required to file separate suits but shall be entitled to and governed by the decision rendered in such class action. . . ."

In opinion No. O-4819 this department ruled:

"Consequently, it is our opinion that refund for taxes paid under protest may be accomplished only by compliance with the provisions of Article 7057b, and that such refunds may be made only after judgment favorable to the taxpayer is reached in a suit filed within ninety days from the date of payment 'in any court of competent jurisdiction in Travis County, Texas, and none other.'"

As stated in your request, the corporation involved did not obtain judgment favorable to its cause but rather voluntarily dismissed its action. Furthermore, suit was not filed within the prescribed time in a court of competent jurisdiction in Travis County, Texas.

Hon. Sidney Latham, page 3

In opinion No. C-5876 this department ruled that it is necessary for one claiming the benefit of the "class action" provided in Section 2 of Article 7057b to be specifically named as claiming or intervening in such suit in order to recover franchise taxes paid under protest. e presume from reading your request that the corporation under consideration was not specifically named as a plaintiff or intervenor in the class action referred to in your letter, and as a consequence thereof, could not claim the benefit of this class action.

Based upon the foregoing, it is the opinion of this department that the Secretary of State does not have the authority to voluntarily refund to the corporation involved the amount of franchise tax paid under protest.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Robert O. Koch_

Robert O. Koch
Assistant

ROK:A M

APPROVED MAY , 194

ATTORNEY GENERAL OF TEXAS